UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRYAN MARK JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:16-cv-00258-BLW<br>　　　　　1:11-cr-00122-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1, Crim. Dkt. 60). For the reasons described below, the Court will deny the motion.

**BACKGROUND**

Petitioner Bryan Mark Johnson pleaded guilty on October 19, 2012 to four counts: bank robbery, in violation of 18 U.S.C. § 2113(a); armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of bank robbery, in violation of 18 U.S.C. 924(c)(1)(A). *See Plea Agreement*, Crim. Dkt. 33; *Minute Entry for Change of Plea Hearing*, Crim. Dkt. 42. Petitioner was convicted on these counts, and sentenced on April 6, 2012. *Judgment*, Crim. Dkt. 58. At sentencing, the Court determined that Petitioner had committed at least three prior violent felonies, all for bank robbery in violation of 18 U.S.C. § 2113(a). *Petitioner's Br.* at 3, Civ. Dkt. 1, Crim. Dkt. 60. The

MEMORANDUM DECISION AND ORDER - 1

Court therefore found that Petitioner qualified as an Armed Career Criminal under 18 U.S.C. § 924(e), resulting in a guideline range of 188-235 months of imprisonment, plus a consecutive sentence for his conviction under 924(c). *Id*. at 3-4. Petitioner argues that in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015) ("*Johnson II*"), his sentence is illegal and unconstitutional. *Id.* at 4.

## ANALYSIS

Under the Armed Career Criminal Act, a defendant convicted of a violation of 18 U.S.C. § 922(g), who has at least three prior convictions for a "violent felony," faces a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1). A "violent felony" is defined as a felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [.]

*Id.* § 924(e)(2)(B). Section (i) is satisfied where a prior crime of conviction has as an element the use of "'violent' physical force – 'that is force capable of causing physical pain or injury.'" *See United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") for its interpretation of § 924(e)(2)(B)(i)).

Under 18 U.S.C. § 924(c), a defendant is subject to "a mandatory consecutive term of imprisonment for using or carrying a firearm during and in relation to a crime of violence." *Watson*, 881 F.3d at 784. A "crime of violence" is defined as a felony that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Here again, Section (A) is satisfied if the predicate crime of conviction has as an element the use of "violent physical force" as defined in *Johnson I*. *Watson*, 881 F.3d at 784 (finding that the *Johnson I* standard for § 924(e)(2)(B)(i) "applies equally to the similarly worded force clause of § 923(c)(3)(A).").

In *Watson*, the Ninth Circuit held that the force required to prove both bank robbery and armed bank robbery under 18 U.S.C. § 2113 meets the *Johnson I* standard for "violent force" and thus each crime qualifies as a predicate "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *Id*. By extension, both crimes also qualify as "violent felonies" under 18 U.S.C. § 924(e)(2)(B)(i). *Id*. (holding that the *Johnson I* definition of "violent force" applies equally to both clauses).

Thus, Petitioner's prior crimes of bank robbery qualify as "violent felonies" under the "elements clause" of § 924(e)(2)(B)(i) and his contemporaneous conviction for bank robbery constitutes a predicate "crime of violence" under the "force clause" of §

924(c)(3)(A). *See Watson*, 881 F.3d at 784, 786. Because *Johnson II* invalidated the residual clause of § 924(e)(2)(B)(ii), Petitioner argues that it similarly invalidates the residual clause in § 924(c)(3)(B). But, he concedes that § 924(e)(2)(B)(i) and § 924(c)(3)(A) remain good law. Although Petitioner argues that his prior and predicate crimes do not qualify under those sections because they fail to meet the *Johnson I* standard for "violent force," that argument is foreclosed by *Watson*. Petitioner's motion therefore fails on the merits, and the Court does not need to reach the issues raised by *Johnson II*. Accordingly,

## ORDER

IT IS ORDERED:

1. Plaintiff's Motion to Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (Civ. Dkt. 1, Crim. Dkt. 60) is **DENIED**. The Court shall issue a separate judgment as required by Rule 58(a).

2. This case is **DISMISSED**.

DATED: May 23, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge