UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRYAN MARK JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:16-cv-00258-BLW<br>1:11-cr-00122-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court previously dismissed Mr. Johnson's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1, Crim. Dkt. 60). He has since filed a Motion to Amend Final Memorandum Decision and Order which the Court has construed as an Application for Certificate of Appealability (Civ. Dkt. 13). For the reasons stated below, the Court will grant the application.

## BACKGROUND

Bryan Mark Johnson pleaded guilty on October 19, 2012 to four counts: bank robbery, in violation of 18 U.S.C. § 2113(a); armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of bank robbery, in violation of 18 U.S.C. 924(c)(1)(A). *See Plea Agreement*, Crim. Dkt. 33; *Minute Entry for Change of Plea Hearing*, Crim. Dkt. 42. Mr. Johnson was convicted on these counts, and sentenced on April 6, 2012. *Judgment*, Crim. Dkt. 58. At sentencing, the Court determined that Mr.

Johnson had committed at least three prior violent felonies, all for bank robbery in violation of 18 U.S.C. § 2113(a). *Petitioner's Br.* at 3, Civ. Dkt. 1, Crim. Dkt. 60. The Court therefore found that Mr. Johnson qualified as an Armed Career Criminal under 18 U.S.C. § 924(e), resulting in a guideline range of 188-235 months of imprisonment, plus a consecutive sentence for his conviction under 924(c). *Id.* at 3-4.

On June 21, 2016, Mr. Johnson filed a Motion Pursuant to 28 U.S.C. § 2255, which argued that in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015) ("*Johnson II*"), his sentence is illegal and unconstitutional. *Id.* at 1. The Court denied the § 2255 Motion on May 23, 2018. *Mem. Decision Order*, Civ. Dkt. 11, Crim. Dkt. 63. The Court did not address the issue of whether it would grant a certificate of appealability. *Id.* Mr. Johnson filed the instant Motion on June 21, 2018. *Mot.*, Civ. Dkt. 13.

## ANALYSIS

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Allen v. Ornoski*, 436 F.3d 946, 951 (9th Cir. 2006). Showing this "requires something more than the absence of frivolity, but something less than a merits determination." *Hayward v.*

*Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).

The Court denied Mr. Johnson's § 2255 on the grounds that under binding Ninth Circuit precedent, his prior crimes of bank robbery qualify as "violent felonies" under the "elements clause" of § 924(e)(2)(B)(i) and his contemporaneous conviction for bank robbery constitutes a predicate "crime of violence" under the "force clause" of § 924(c)(3)(A). *See United States v. Watson*, 881 F.3d 782, 784, 786 (9th Cir. 2018). The decision in *Watson* has now been appealed to the United States Supreme Court. *See id.*, *petition for cert filed*, No. 18-5022 (U.S. June 25, 2018). Because the legal question underlying the Court's decision is not entirely foreclosed, and because reasonable jurists could disagree with the Ninth Circuit's holding in *Watson*, the Court will grant Mr. Johnson's application for a certificate of appealability. Accordingly,

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendant's Application for Certificate of Appealability (Dk. 13) is **GRANTED**.

DATED: August 13, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge